COMMERCIAL ENVELOPE MANUFAC-
TURING CO., Inc., and Ira B. Kristel,
Petitioners,

v.

SECURITIES AND EXCHANGE COM-
MISSION, Respondent.

No. 191, Docket 71–1171.

United States Court of Appeals,
Second Circuit.

Argued Oct. 26, 1971.

Decided Oct. 29, 1971.

Jay J. Miller, New York City (Ste-
phen S. Bernstein, Sol I. Sokolsky, Mc-
Laughlin & Stern, Ballen & Miller, New
York City, on the brief), for petitioner.

C. Bradford Cook, David Ferber,
Richard E. Nathan, Kathryn B. Mc-
Grath, Securities and Exchange Com-
mission, on the brief, for respondent.

Before LUMBARD, HAYS and
OAKES, Circuit Judges.

PER CURIAM:

Petitioner seeks to obtain from re-
spondent Securities and Exchange Com-
mission a copy of a letter allegedly sent
to the Commission by a third party and
alleged to be libelous and to have been
sent to the Commission with the inten-
tion of influencing the Commission to
withhold approval of petitioner's regis-
tration statement and thus to frustrate
petitioner's proposed plan for financing
its operations. Petitioner alleges that
he needs the statement because he wish-
es to sue in the courts of New York for
the libel, and in order to state a cause of
action for libel under New York law a
complaint must set forth verbatim the
allegedly libelous statement. The Com-
mission denied petitioner's request for a
copy of the document on the ground that
the material fell within two exceptions
to the Freedom of Information Act, 5
U.S.C. § 552(b) (4) and (7) (1970).
Petitioner seeks review of the Commis-
sion's denial of his request, citing Sec-
tion 9 of the Securities Act of 1933, 15
U.S.C. § 77i (1970) as giving this court
jurisdiction to review such an "order."

We grant the Commission's
motion to dismiss the petition. The
Commission's action was not an order
subject to review under Section 9. The
Commission's staff has informally re-
viewed petitioner's registration state-
ment, and this petition is in no way re-
lated to that administrative action. The
refusal of petitioner's request was not

connected with any investigation or proceeding of the Commission and was not the type of order issued by the Commission in the usual course of its activities. If refusal was wrongful it was because of failure to comply with the Freedom of Information Act, 5 U.S.C. § 552(a) (1970). That statute specifically provides that a refusal to disclose information such as petitioner claims is involved here is reviewable in a district court, not in a court of appeals. 5 U.S.C. § 552(a) (3) (1970). The motion to dismiss for lack of jurisdiction is granted.